No. 2381.—Schmidt & Ziegler *v.* The First National Bank of Selma

A non-resident may appeal from a judgment rendered against him on attachment any time within two years from the date thereof.

The act of Congress, approved June 3, 1864, entitled "An Act to provide a national currency, secured by the pledge of United States bonds," gives to the United States a first and paramount privilege upon all the assets of a banking association organized under the act, to reimburse to the United States the amount expended in paying the circulating notes of such banking association. Therefore, the privilege given to an attaching creditor over the assets of the First National Bank of Selma must be postponed to that of the privilege of the United States where it is shown, as in this case, that the Louisiana National Bank, a debtor of the First National Bank of Selma, had notice of the claim of the United States on the assets of the First National Bank of Selma before the seizure by the creditors under the attachment.

APPEAL from Seventh District Court, parish of Orleans. *Collens, J. Budd & Grover,* for plaintiffs and appellees. *E. Pearson,* for defendant and appellant.

Taliaferro, J.   The plaintiffs being holders of two drafts or checks drawn upon the Louisiana National Bank by the First National Bank of Selma, in Alabama, and their payment being refused, brought suit in New Orleans against the Selma bank, proceeding by attachment and process of garnishment. The Louisiana National Bank answered, through its officers, that there were funds of the Selma bank in their custody, but that they had been notified by the Government prior to the notice served on them of seizure by the plaintiffs, that it claimed a lien upon all the assets in their hands belonging to the Selma bank, and ordered that they be held subject to the claim of the United States. Cadle, who had been appointed receiver of the First National Bank of Selma, appeared and filed an exception to the plaintiffs' proceeding, on the ground, that at the time of the institution of the plaintiffs' suit and long prior thereto, the Selma bank was in liquidation; that he had been duly appointed receiver thereof, and that the court before which the plaintiffs brought their action is without jurisdiction.

A curator *ad hoc* was appointed, who subsequently filed an exception of similar import, and these exceptions being overruled, the curator answered by general denial. A judgment was rendered in favor of the plaintiffs with privilege upon the property attached. This judgment was signed in the lower court on the nineteenth of June, 1868. An execution was issued and the receiver came in as third opponent, claiming that he was entitled to be put into possession of all the assets of the Selma bank in controversy, in preference to any and every lien or privilege set up by Schmidt & Ziegler, averring his privilege to be established by the Currency Act of Congress, approved June 3, 1864; and that on or about the seventeenth of April, 1867, the First National Bank of Selma, having failed to redeem its notes as required by law, the Louisiana National Bank, the garnishee in this case, was duly

notified thereof, and that the Government of the United States had and claimed a lien upon all the assets of the Selma bank in possession of the Louisiana National Bank, and that it was ordered to hold all such funds and assets subject to the claim and lien of the United States.

To this third opposition the plaintiff opposed the plea of *res judicata*, alleging that the same matters now set up in the opposition had been presented in this case by defendant before judgment rendered, and were decided by that judgment adversely to him.

A judgment was rendered on this third opposition on the twenty-ninth June, 1869, by the judge of the Seventh District Court of New Orleans, the case having been transferred to that court from the Third District Court.

The judgment was in favor of the plaintiffs, and the defendant, on the second of July, 1869, took an appeal from both judgments; the appeal being devolutive as to the judgment of nineteenth June, 1868, and suspensive as to that of second July, 1869.

The plaintiff opposes prescription in bar of the opponent's right to appeal from the judgment rendered on the nineteenth of June, 1868. This can not avail him; the opponent not being a resident of the State may appeal within two years.

The plaintiff acquired no right as against the United States by attaching the assets of the Selma bank in the Louisiana National Bank, of New Orleans.

It is expressly provided by the act of Congress, approved third of June, 1864, entitled " An Act to provide a national currency secured by a pledge of United States bonds and to provide for the circulation and redemption thereof," in regard to the associations for banking purposes authorized by that act, " that for any deficiency in the proceeds of the bonds pledged by such association when disposed of as hereinafter specified, to reimburse to the United States the amount so expended in paying the circulating notes of such associations, the United States shall have a first and paramount lien upon all the assets of the association, and such deficiency shall be made good out of such assets in preference to any and all other claims whatsoever, except the necessary costs and expenses of administering the same." This law enacted in the public policy of the country by the Congress of the United States none can be presumed to be ignorant of. It is shown that previous to notice to the Louisiana National Bank of the plaintiffs' seizure in its hands of the assets of the Selma bank, the Louisiana National Bank had been notified of the lien claimed by the Government upon these assets, and ordered to hold the same subject to the claim of the United States.

The right of the receiver of the Selma bank to the possession and control of the assets in question, we think fully made out, and conclude that the judgment of the lower court is erroneous.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed. It is further ordered that there be judgment in favor of the defendant and opponent, and that he, in his capacity of receiver of the First National Bank of Selma, have and be put into possession and control of all the assets of the Selma bank in the Louisiana National Bank, of New Orleans, and which constitute the subject matter of this controversy. It is further ordered that the plaintiffs and appellees pay all costs of this suit.